# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR220-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TAMMY RENEE SMITH ARROWOOD. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in this matter on January 13, 2006. In the violation report it was alleged that the defendant had failed to comply with the condition of release that states that she, "shall refrain from the use or unlawful possession of a narcotic drug or other controlled substance as defined in Title 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner", in that on December 21, 2005 the defendant submitted to an urinalysis with positive test results for amphetamine and methamphetamine. At the call of this matter on for hearing counsel for the defendant stated that the defendant would admit that the defendant did test positive for amphetamine or methamphetamine but would deny that she did so willfully and without justification or excuse. From the evidence offered by the government and from the arguments presented, the court makes the following findings.

**Findings**: Angela Pickett, United States Probation Officer, testified as a witness for the government. Officer Pickett has supervised the defendant since she has been released on terms and conditions of pretrial release on August 3, 2005. The defendant has been tested for the use of

controlled substances on each and every month and did not have a positive test until December 21st. At the time of the positive test the defendant told Officer Pickett that she had not intentionally used any type of controlled substance and that it was the opinion of the defendant that her ex-boyfriend had placed a controlled substance in a drink and that the defendant had unintentionally used a controlled substance.

The defendant's former boyfriend, Terry Hoilman, had called Agent Pickett in mid-November on four occasions and had made allegations to Officer Pickett that the defendant had violated terms and conditions of her pretrial release. November was the month in which the defendant had ended her relationship with Mr. Hoilman. On the day of the hearing of the violation report Agent Pickett had received a telephone message on her answering machine from a voice who identified himself as being Terry Hoilman, the defendant's former boyfriend. The male voice left a message that he had intended to come to court to testify for the defendant on the date of hearing but he had to go to court in Tennessee to answer some type of criminal charges against Mr. Hoilman in that state. The male voice on the machine advised Officer Pickett that he had placed methamphetamine into a drink and that the defendant did not know that she was consuming a controlled substance in December 2005 when the defendant had tested positive for use of this controlled substance. Officer Pickett testified that she could not identify the voice in the telephone message.

**Discussion**. From the evidence submitted, the undersigned cannot find that the defendant wilfully violated the terms and conditions of pretrial release. 18 U.S.C. § 3148(b) states as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

2

    (1)    finds that there is----
           (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
           (B) clear and convincing evidence that the person has violated any
 other condition of release; and
    (2)    finds that ---
           (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person will
not flee or pose a danger to the safety of any other person or the community; or
           (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a
Federal, State, or local felony, a rebuttable presumption arises that no condition
or combination of conditions will assure that the person will not pose a danger to
the safety of any other person or the community."

Based upon the evidence, the undersigned cannot find that there is sufficient evidence to show that there is probable cause to believe that the defendant committed either a federal, state or local crime or that there was clear and convincing evidence that she violated any other condition of release. Giving the defendant the benefit of the doubt, it appears that the evidence shows that a former boyfriend had been actively involved in seeking the revocation of the terms and conditions of pretrial release of the defendant and that, without her knowledge, he caused her to consume a controlled substance. As a result, the undersigned cannot find that the defendant <u>willfully</u> and without lawful excuse violated the terms and conditions of pretrial release.

The court commends the efforts of Officer Picket in regard to the supervision of this defendant and also Officer Pickett's truthful testimony in this matter. Her actions and testimony are examples of the high standards of the United States Probation Office in the Western District of North Carolina.

WHEREFORE, the allegations contained in the request of the government to revoke the

conditions of pretrial release of the defendant are hereby **DENIED.**

Signed: January 26, 2006

Dennis L. Howell
United States Magistrate Judge